**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

DEMARCUS JEVON STEWARD
and M.J.S., a minor,

        Plaintiffs,

v.                                               Case No. 3:21-cv-417-TJC-JRK

WALGREENS CO.,

        Defendant.

## **O R D E R**

This cause is before the Court on Plaintiff's Motion to Grant E-Filing Privileges as a Pro Se Litigant (Doc. No. 8), filed May 7, 2021, that the Court construes as a motion for reconsideration ("Motion"). In the Motion, Plaintiff asks the Court to "reconsider its ruling" denying Plaintiff's previous request for access to the Court's electronic filing system (CM/ECF) to file case documents. Motion at 1; see Order (Doc. No. 4), entered May 3, 2021 (denying Plaintiff's Motion to Grant E-Filing Privileges as a Pro Se Litigant (Doc. No. 3), filed April 23, 2021). Although Plaintiff's argument is unclear, Plaintiff appears to assert that he never received the original copy of the summons that the Court mailed to him on April 20, 2021. See Motion at 1.[1] According to Plaintiff, the

---

[1] The docket reflects the summons was mailed on April 19, 2020.

correspondence has not been returned to sender either. See id. Plaintiff argues this has jeopardized "the efficiency of correspondence in regards to timeliness of receipt, as well as the security of [his] handwritten signature . . . ." Id.

"Reconsideration of a court's previous order is an extraordinary remedy and, thus, is a power which should be used sparingly." U.S. ex rel. Mastej v. Health Mgmt. Assocs., Inc., 869 F. Supp. 2d 1336, 1348 (M.D. Fla. 2012) (citing Am. Ass'n of People With Disabilities v. Hood, 278 F. Supp. 2d 1337, 1339 (M.D. Fla. 2003)). A movant must "set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." Asokan v. Am. Gen. Life Ins. Co., 302 F. Supp. 3d 1303, 1310 (M.D. Fla. 2017) (citation omitted).

Here, Plaintiff has presented no new facts that convince the Court he should be granted access to file case documents electronically through CM/ECF. It is the Court's experience that pro se parties rarely, if ever, encounter the issue Plaintiff describes. In an abundance of caution, the Court directs the Clerk of Court to reissue the summons. To the extent Plaintiff is concerned about the "security" of his signature, he is advised the summons containing his signature, as well as all documents he has so far filed in this case, are a matter of public record.

Based on the foregoing, it is

**ORDERED**:

1. Plaintiff's Motion to Grant E-Filing Privileges as a Pro Se Litigant (Doc. No. 8), that the Court construes as a motion for reconsideration, is **DENIED**.

2. The Clerk of Court is directed to reissue the summons and mail it to Plaintiff. **In this <u>one</u> instance**, the Clerk shall use certified mail.

**DONE AND ORDERED** in Jacksonville, Florida on May 13, 2021.

*/s/ James R. Klindt*
JAMES R. KLINDT
United States Magistrate Judge

bhc
Copies to:
Pro se party